Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400
Fax: (866) 861-1390
JAQUELINE KIM

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JAQUELINE KIM, | ) Case No.: CV14-3764 MRP-CW |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| GE CAPITAL RETAIL BANK, | ) |
| | ) |
| Defendant. | ) |

JAQUELINE KIM (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against GE CAPITAL RETAIL BANK (Defendant):

### INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2.  Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 1 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Defendant is a business entity with offices located throughout the country, including an office in New York, New York.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Upon information and belief, the alleged debt arises from transactions made on a personal credit card which was used for personal, family and household purposes.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 800-945-6596.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 323-774-21XX.

13. Per its prior business practices, each of Defendant's collection calls were placed using an automatic telephone dialing system.

14. On January 24, 2014 at 10:49am, Plaintiff placed a call to Defendant and spoke to

Defendant's representative, "Kal."

15. In the course of the telephone call on January 24, 2014, Plaintiff requested that Defendant cease placing calls to her cellular phone and to correspond in writing only.

16. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system during the telephone call on January 24, 2014.

17. Despite Plaintiff's request to cease, Defendant placed at least one hundred and forty-one (141) automated collection calls to Plaintiff.

18. Specifically, Defendant called Plaintiff as follows:

- January 24, 2013: one (1) call at 11:10am;
- February 4, 2014: four (4) calls at 8:27am, 12:57pm, 6:27pm and 7:30pm;
- February 5, 2014: four (4) calls at 11:56am, 3:27pm, 6:09pm and 7:21pm;
- February 6, 2014: four (4) calls at 9:30am, 12:13pm, 3:54pm and 7:21pm;
- February 7, 2014: three (3) calls at 12:18pm, 6:02pm, and 7:22pm;
- February 8, 2014: two (2) calls at 8:04am and 2:50pm;
- February 9, 2014: three (3) calls at 8:29am, 12:43pm and 5:21pm;
- February 10, 2014: three (3) calls at 10:59am, 6:17pm and 7:29pm;
- February 11, 2014: four (4) calls at 8:50am, 9:53am, 1:08pm and 7:38pm;
- February 12, 2014: five (5) calls at 9:13am, 11:57am, 3:37pm, 6:15pm and 7:14pm;
- February 14, 2014: three (3) calls at 8:18am, 10:41am and 7:16pm;
- February 15, 2014: two (2) calls at 9:04am and 6:03pm;
- February 16, 2014: two (2) calls at 8:58am and 5:16pm;
- February 17, 2014: three (3) calls at 9:10am, 5:37pm and 7:23pm;
- February 18, 2014: three (3) calls at 2:31pm, 6:22pm and 7:29pm;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- February 19, 2014: three (3) calls at 8:16am, 11:35am and 8:30pm;

- February 20, 2014: five (5) calls at 8:16am, 9:17am, 12:43pm, 4:46pm and 7:25pm;

- February 21, 2014: four (4) calls at 8:26am, 3:34pm, 6:28pm and 7:29pm;

- February 22, 2014: two (2) calls at 9:50am and 12:06pm;

- February 23, 2014: three (3) calls at 9:36am, 10:40am and 5:24pm;

- February 24, 2014: one (1) call at 7:57pm;

- February 25, 2014: four (4) calls at 8:36am, 12:42pm, 5:59pm and 7:32pm

- February 26, 2014: four (4) calls at 9:15am, 12:32pm, 5:13pm, 8:25pm;

- February 27, 2014: five (5) calls at 8:29am, 9:30am, 12:44pm, 4:00pm, 7:16pm;

- February 28, 2014: five (5) calls at 8:48am, 12:04pm, 5:19pm, 6:51pm, 7:26pm;

- March 1, 2014: three (3) calls at 8:13am, 1:13pm, 6:07pm;

- March 2, 2014: four (4) calls at 8:28am, 9:42am, 12:29pm, 6:06pm;

- March 3, 2014: two (2) calls at 4:38pm, 4:39pm;

- March 4, 2014: three (3) calls at 8:25am, 12:26pm, 7:24pm;

- March 5, 2014: five (5) calls at 8:53am, 11:16am, 2:46pm, 6:00pm, 7:21pm;

- March 6, 2014: four (4) calls at 10:38am, 1:28pm, 5:36pm, 8:15pm;

- March 7, 2014: four (4) calls at 8:33am, 11:16am, 6:29pm, 7:22pm;

- March 8, 2014: four (4) calls at 8:07am, 9:09am, 12:49pm, 5:12pm;

- March 9, 2014: four (4) calls at 8:29am, 10:37am, 11:41am, 7:10pm;

- March 10, 2014: three (3) calls at 8:34am, 6:23pm, 7:48pm;

- March 11, 2014: five (5) calls at 8:03am, 9:27am, 12:23pm, 5:19pm, 7:36pm;

- March 12, 2014: five (5) calls at 8:12am, 9:17am, 4:11pm, 6:8pm, 7:30pm;

- March 13, 2014: three (3) calls at 9:26am, 6:24pm, 7:28pm;

- March 14, 2014: five (5) calls at 8:01am, 9:33am, 12:43pm, 6:49pm, 7:29pm;

- March 16, 2014: three (3) calls at 8:26am, 9:28am, 5:01pm;

- March 17, 2014: two (2) calls at 2:28pm, 7:40pm;

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

19. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, JAQUELINE KIM, respectfully requests judgment be entered against Defendant, GE CAPITAL RETAIL BANK for the following:

21. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

22. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

23. All court costs, witness fees and other fees incurred; and

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring

repeatedly or continuously to annoy the person called;

    b.  Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

    c.  Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.*, to wit:

        1.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

        2.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, JAQUELINE KIM, respectfully requests judgment be entered against Defendant, GE CAPITAL RETAIL BANK for the following:

27. Statutory damages of $1,000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

29. Any other relief that this Honorable Court deems appropriate.

DATED:  April 22, 2014

RESPECTFULLY SUBMITTED,
KROHN & MOSS, LTD.

By: /s/_____
      Ryan Lee
      Attorney for Plaintiff

1

## DEMAND FOR JURY TRIAL

2      PLEASE TAKE NOTICE that Plaintiff, JAQUELINE KIM, demands a jury trial in this

3   case.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

Plaintiff, JAQUELINE KIM, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JAQUELINE KIM, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4/8/2014

JAQUELINE KIM

PLAINTIFF'S COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS   ( Check box if you are representing yourself ☐ ) |
|---|---|
| JAQUELINE KIM | GE CAPITAL RETAIL BANK |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) Krohn & Moss, Ltd.; Ryan Lee, Esq. 10474 Santa Monica Blvd., Suite 405; Los Angeles, CA 90025 (323) 988-2400 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq.; Unlawful and Abusive Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-3764

**FOR OFFICE USE ONLY:**    Case Number: _____

# UNITED STA...S DISTRICT COURT, CENTRAL DISTRIC1 OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? ☐ Yes ☒ No — If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

Question B: Is the United States, or one of its agencies or employees, a party to this action? ☐ Yes ☒ No — If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX.

If the United States, or one of its agencies or employees, is a party, is it

| A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Los Angeles | ☐ Los Angeles | Western |
| ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| ☐ Orange | ☐ Orange | Southern |
| ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

     If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

     If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                                 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                                 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                                 ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 4/22/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |